UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17CV-00069-CRS

**HUEL WATKINS, et al.**                                                                           **PLAINTIFFS**

**VS.**

**BRANDON HANSFORD,**
**AUTOZONE STORES, INC., et al.**                                                      **DEFENDANTS**

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

This is a personal injury action arising from a February 20, 2016 motor vehicle accident. Presently before the Court is Plaintiffs' Motion for Substitution (DN 14) and, in the alternative, Motion for Joinder (DN 18). Defendants have responded to both motions (DN 16; DN 22). Plaintiffs filed a reply to their Motion for Substitution (DN 17), and the time for filing a reply to their Motion for joinder has expired. This Court also permitted Defendants to file a surreply to address arguments and issues that Plaintiffs raised for the first time in reply. (DN 32). These matters are ripe for review.

Findings of Fact

On February 20, 2016, Huel Watkins and Brandon Hansford were involved in a motor vehicle accident in Louisville, Kentucky. (DN 1-2, at ¶¶ 6-10). Almost six months later, on July 18, 2016, Brandon Hansford died in an incident unrelated to this case. (DN 10, ¶ 9; DN 16-1).

Plaintiffs Huel Watkins ("Watkins") and Susan Watkins filed this action in Jefferson County Circuit Court on January 18, 2017, against Defendants Brandon Hansford, AutoZone Stores, Inc., AutoZone Stores, LLC, AutoZone Development LLC, AutoZone #1241, AutoZone Texas, LLC, AutoZoners, LLC, and AutoZone, Inc., collectively "AutoZone." (DN 1-2, at pp. 10-14). Watkins alleges that Hansford negligently crashed his vehicle into Watkins' Harley Davidson motorcycle while acting within the scope and course of his employment with AutoZone. (*Id.* at ¶¶ 6-14).

On February 2, 2017, AutoZone removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (DN 1). The following day, at the request of Watkins' counsel, Attorney Maria A. Fernandez filed a petition in Jefferson District Court, Probate Division, seeking to open an Estate for Mr. Hansford and appointment as Administrator for the Estate. (DN 14-1). The Jefferson County Probate Court granted Fernandez's request for appointment, and Fernandez filed an Inventory for Hansford's estate, which indicated the Estate has no known assets and was opened solely for purposes of litigation. (DN 14-2; 14-3).

Now, Watkins seeks to substitute Hansford's Estate for Defendant Brandon Hansford in the action. (DN 14, at pp. 3-4). Watkins alternatively seeks Hansford's Estate be joined as a defendant under Rule 20. (DN 18).

Conclusions of Law

A. Motion to Substitute

Watkins relies on Federal Rule of Civil Procedure 25, which provides in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the

>decedent's successor or representative. If the motion is not made within 90 days
>
>after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

As noted by AutoZone, however, Rule 25 is not applicable here because Hansford was not a proper party to the action, having died six months before Watkins filed the complaint in Jefferson Circuit Court. "Substitution is not possible if one who was named as a party in fact died before the commencement of the action," because Rule 25 "presupposes that substitution is for someone who was a party to a pending action." *Flick v. Vadlamudi*, No. 1:09-cv-647, 2010 WL 3061096, at *1 (W.D. Mich. July 16, 2010) (quoting 7C Wright, Miller, & Kane, Federal Practice and Procedure Civil 3d 1951, p. 651 (2007); *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (Because Rule 25 "contemplates substitution for someone who had been made a party before his death," substitution under the rule is not available where the defendant died a few months before plaintiff filed the action)). Watkin's request to substitute Hansford's Estate as a defendant is, therefore, **denied**.

### B. Motion for Joinder

Watkins alternatively requests the Court join Hansford's Estate under Rule 20 as a defendant in the case. (DN 18). AutoZone opposes Watkins' request because joining Hansford's Estate would destroy diversity jurisdiction and require a remand to state court. (DN 16; DN 22).

A district court has discretion "to allow an amendment (the joinder of new parties) that will destroy jurisdiction and require a remand to state court." *Farm Bureau Life Ins. Co of Mich. v. Nat. City Corp.*, 2006 WL 2728359, at *1 (W.D. Mich. Sept. 22, 2006) (citing *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 922 (S.D.N.Y. 1995)). In such situations, the Court must "first

consider whether joinder would be appropriate under Rule 20 and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." *Wyant*, 881 F. Supp. at 922; *see also Farver v. Glaxo Wellcome Inc.*, 181 F. Supp. 2d 781, 783-84 (N.D. Ohio 2001).

### 1. Rule 20

Federal Rule of Civil Procedure 20 allows "persons" to be joined in one action as defendants if: "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(A)-(B).

Here, there is no doubt that Hansford's Estate may be joined in the action under Rule 20 because Watkins' right to relief against Hansford's Estate and AutoZone arises from the same occurrence – the motor vehicle accident on February 20, 2016. Because both parties agree that Hansford was an employee operating within the scope of his employment with AutoZone at the time of the collision, a common question of fact exists between AutoZone and Hansford (by way of his estate). (DN 1, at ¶ 13; DN 10, at ¶ 9). Indeed, the only distinction between Watkins' claims against AutoZone and Hansford's Estate is the legal theory underlying their proposed liability – direct versus vicarious liability. Joinder of Hansford's Estate, therefore, is permissible under Rule 20.

### 2. 28 U.S.C. § 1447(e)

Next, the Court must scrutinize the basis for joinder because joinder of Hansford's Estate as a defendant will defeat diversity jurisdiction. 28 U.S.C. § 1447(e) provides that "[i]f after

4

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Sixth Circuit and the district courts within generally use the four factors from *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) when conducting such an analysis. *See Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.,* 654 F. App'x 218, 221 (6th Cir. 2016) (per curiam); *Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14-183-DCR, 2014 WL 4956282, at *2 (E.D. Ky. Oct. 2, 2014); *Cooper v. Thames Healthcare Group, LLC*, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014); *Premium Fin. Group, LLC v. MPVF LHE Lexington LLC*, No. 5:13-CV-362-KKC, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014) (citing *Bridgepointe Condos, Inc. v. Integra Bank Nat'l Ass'n*, No. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009)). Those factors are: (1) "the extent to which the purpose of the amendment is to defeat jurisdiction;" (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citations omitted).

As to the first factor, AutoZone argues that the sole intent of Watkins' motion for joinder is to defeat diversity jurisdiction because Watkins rushed to open Hansford's Estate after the action was removed to federal court and Watkins has nothing to gain by joining the Estate as a defendant. AutoZone highlights that the Estate has no assets with which to satisfy a potential judgment. AutoZone further believes that district courts in Kentucky have found intent to be decisive when

considering joinder of a non-diverse employee who was acting within the course and scope of employment with the diverse, removing defendant, and accordingly argues the first factor weighs in favor of denying Watkins' motion. (DN 22, at pp. 2-3 citing *Dockery v. GGNSC Louisville Hillcreek, LLC*, No. 3:16-cv-25-DJH, 2016 WL 5478009, at *3 (W.D. Ky. Sept. 27, 2016); *Barnett v. MV Transp., Inc.*, No. 3:14-cv-250-TBR, 2014 WL 1831151, at *2 (W.D. Ky. May 8, 2014); *Cooper,* 2014 WL 941925, at * 4). Watkins counters that it was always his intention to have Hansford as a party in the lawsuit, as evidenced by his inclusion as a defendant at the case's inception.

Some considerations, like the existence of *respondeat superior* liability and the timing of Watkins' counsel establishing Hansford's Estate in probate, hint that Watkins may purposefully be attempting to destroy diversity jurisdiction by joining Hansford's Estate in this action. As noted by AutoZone, the district courts in *Dockery*, *Barnett*, and *Cooper* recognized that when a defendant does not contest *respondeat superior* liability existing between a joined party and an existing party, the first factor weighs against permitting joinder. Likewise, here, AutoZone admitted that Hansford was acting in the "course and scope of his employment with AutoZone" at the time the February 20, 2016 motor vehicle accident occurred. (DN 10, at ¶ 9).

Other considerations, however, leave doubt as to Watkins' intent for joining Hansford's Estate. For instance, in *Dockery, Barnett,* and *Cooper*, the district courts found that a plaintiff's filing of a contemporaneous motion to remand with a motion for joinder "compel[led] an inference" that plaintiff's purpose for amendment was to divest the court of jurisdiction. *Dockery*, 2016 WL 5478009, at *3; *Barnett*, 2014 WL 1831151, at *2; *Cooper*, 2014 WL 941925, at *4. Watkins, in this case, has not filed a contemporaneous motion to remand the action.

Further, Watkins named Hansford as a defendant in the original state court action and sought to substitute the Estate upon learning that Hansford was deceased. These circumstances differ from those where a plaintiff belatedly attempts to add a diversity-destroying defendant that was never contemplated in the initial complaint. *See Barnett*, 2014 WL 1831151, at *3; *Lynch v. Lear Searing Corp.*, No. CIV.A.3:00CV-323-S, 2001 WL 1774429, at *1-2 (W.D. Ky. Aug. 23, 2001). This case is less dubitable than those where plaintiffs seek to add a completely new defendant. *See Jackson v. Wal-Mart Stores, Inc.*, No. Civ.A. 03-2184, 2003 WL 22533619, at *2 (E.D. La. Nov. 6, 2003); *Town of Gordon v. Great Am. Ins. Co., Inc.*, 331 F. Supp. 2d 1357, 1360 (M.D. Ala, 2004) (citing *Sexton v. K&G Servs., Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)). Based on these considerations, the Court finds the evidence of Watkins' intent is not conclusive, and, thus, the first factor weighs slightly in favor of permitting joinder.

The second factor – whether Watkins has been dilatory in seeking amendment – weighs in favor of permitting joinder. AutoZone contends that Watkins should have known of Hansford's death long before filing his original complaint in state court because Hansford's death received widespread local news coverage. (DN 22, at p. 3). Watkins disputes that AutoZone's counsel had an affirmative obligation to disclose Hansford's death to him. (DN 17, at pp. 3-4 (citing *Harris v. Jackson*, 192 S.W.3d 297 (Ky. 2006)). AutoZone, in surreply, explains that *Harris* is inapplicable to Watkins' case because Hansford was deceased six months in advance of Watkins filing the original complaint. (DN 32).

While Watkins likely could have learned of Hansford's death prior to filing the initial complaint, the Court finds such dispute does not bear on its analysis of the second factor. Watkins states that he learned of Hansford's death after the notice of removal was filed in this Court. As

mentioned, Watkins named Hansford as a defendant at the case's inception and filed his motions for substitution/joinder of Hansford's Estate promptly after AutoZone filed its notice of removal. The Court therefore finds that Watkins was neither dilatory in filing his motion for substitution nor his motion for joinder. This factor weighs in favor of permitting joinder.

The third *Hensgens* factor, on the other hand, cuts against permitting Watkins' joinder of Hansford's Estate. Watkins argues that prohibiting joinder of the Estate will be prejudicial to his case because Hansford's conduct was egregious and because AutoZone is denying liability. If the Estate is not joined, Watkins explains, he will have problems using Hansford's statements and evidence of fault to his employer, police, and other witnesses during the case. (DN 17, at pp. 6-7).

As the Court discussed earlier when evaluating the first factor, AutoZone has acknowledged *respondeat superior* liability for Hansford's actions. "Under the doctrine of respondeat superior, an employer can be held vicariously liable for an employee's tortious actions if committed in the scope of his or her employment." *Brandenburg,* 2014 WL 4956282, at *3 (quoting *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 56 (Ky. 2008)). Here, Watkins does not allege conduct by Hansford that falls outside of the scope of employment, and Watkins will not be injured if the amendment is denied because Hansford's acts would be imputed to AutoZone under the theory of *respondeat superior*. *See Brandenburg*, 2014 WL 4956282, at *3; *Cooper*, 2014 WL 941925, at *4; *Lester v. Extendicare, Inc.*, No. 6:13-CV-21, 2013 WL 3781300, at *3 (E.D. Ky. July 18, 2013). It is likely that complete relief can be afforded to Watkins through AutoZone because any judgment against Hansford, or his Estate, in his capacity as an employee would ultimately be satisfied by AutoZone. *Dockery*, 2016 WL 5478009, at *3 (citing *Barnett*, 2014 WL 1831151, at *3).

The Court also finds Watkins' argument that he will have problems using Hansford's statements to his employer, police, and other witnesses if the Estate is not joined as a defendant is unconvincing. Watkins seems to suggest that a fact finder could not appropriately consider Hansford's statements were he, through his estate, not named as a defendant. In *Barnett*, the court found a plaintiff's similar argument to be unpersuasive and insufficient to establish prejudice. 2014 WL 1831151, at *4 (finding plaintiff's argument that a jury could not appropriately consider an employee's testimony if not named as a defendant was unpersuasive). Thus, the third factor weighs against permitting joinder.

The fourth factor – other equitable considerations – also weighs slightly against granting Watkins' motion. One such consideration is AutoZone's interest in defending this action in a federal forum. *Barnett*, 2014 WL 1831151, at *4 (citing *In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 2016-07 (S.D. Ind. 2001) ("Cases examining questions of joinder and remand emphasize that defendants have 'a significant interest in proceeding in a federal instead of an out of state forum.'") (additional citations omitted)). Here, AutoZone has an interest in retaining a neutral forum because it is a citizen of Nevada and Tennessee facing suit in Kentucky state court brought by a Kentucky resident. *See Lawson v. Lowe's Home Centers, LLC*, No. 5:13-374-KKC, 2015 WL 65117, at *5 (E.D. Ky. Jan 5, 2015).

### 3. Conclusion

The Court finds this case presents a close call. The first factor appears to slightly weigh in favor of permitting joinder, the second factor also weighs in favor of permitting joinder, and the third and fourth factors weigh against permitting joinder. A number of courts have acknowledged the "paramount importance" of the first factor. *Barnett*, 2014 WL 1831151, at *2 (quoting

9

*Bridgepointe*, 2009 WL 700056, at *2); *see also City of Cleveland*, 571 F. Supp. 2d at 823. With that said, the Court finds the circumstances of this case do not conclusively establish that Watkins' primary purpose for the proposed joinder is to oust the case from the federal forum. The Court will therefore exercise its discretion under 28 U.S.C. § 1447(e) in recommending Watkins' motion for joinder be granted. Adding Hansford's Estate as a defendant will defeat this Court's jurisdiction, and the matter will be remanded to state court.

Recommendation

Based on the foregoing reasons, the Court recommends that Watkins' Motion to Substitute Party (DN 14) be **DENIED.**

The Court further recommends that Watkins' Motion to Join Hansford's Estate as a Defendant (DN 18) be **GRANTED** and recommends the matter be **REMANDED** to the Jefferson County Kentucky Circuit Court.

NOTICE

Therefore, under the provisions of 28 U.S.C. " 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:	Counsel of Record