UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HUEL WATKINS and
SUSAN WATKINS                                                                    PLAINTIFFS


v.                                                           CIVIL ACTION NO. 3:17-CV-00069-CRS


BRANDON HANSFORD, AUTOZONE
STORES, INC., et al.                                                             DEFENDANTS


## MEMORANDUM OPINION

I. Introduction

Plaintiffs Huel Watkins and Susan Watkins (collectively "Watkins"), filed a motion for substitution and, in the alternative, a motion for joinder, in a personal injury action arising from a February 20, 2016 motor vehicle accident. ECF No. 14; ECF No. 17. Defendants AutoZone Stores, Inc., AutoZone Stores, LLC, AutoZone Development LLC, AutoZone #1241, AutoZone Texas LLC, AutoZoners, LLC, and AutoZone, Inc. (collectively "AutoZone"), opposed the motions. ECF No. 16; ECF No. 22; ECF No. 32.

Magistrate Judge Whalin issued findings of fact and conclusions of law recommending that Watkins' motion for substitution be denied and motion for joinder be granted. R. & R., ECF No. 33. AutoZone filed written objections to Judge Whalin's conclusions and recommendation regarding the motion for joinder. ECF No. 34.

The court will adopt Judge Whalin's report and recommendation in full. For the reasons stated below, the court will deny the motion for substitution and grant the motion for joinder.

1

## II. Legal Standard

The proper standard for reviewing objections to a magistrate judge's report and recommendation is *de novo*. 28 U.S.C. § 636(b)(1)(B-C). A district court judge "may accept, reject, or modify the recommended disposition, receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. Judge Whalin's Findings of Fact, Conclusions of Law, and Recommendation

Watkins filed suit in Jefferson County, Kentucky, Circuit Court on January 18, 2017 against Brandon Hansford and AutoZone for personal injuries arising out of a motor vehicle accident. R. & R. 2, ECF No. 33. Watkins alleges that Hansford negligently crashed his vehicle into Watkins' motorcycle while acting within the course and scope of his employment with AutoZone. *Id.*

On February 2, 2017, AutoZone removed the action to this court based on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* In its Notice of Removal, AutoZone stated that because Brandon Hansford was deceased, and had been since the time the action commenced, there was complete diversity amongst the parties. ECF No. 1, p. 2. The next day, Watkins' attorney hired local counsel, Maria A. Fernandez, to open an Estate on behalf of Brandon Hansford. R. & R. 2, ECF No. 33. The Jefferson County Probate Court opened the Estate and appointed Fernandez as the Administrator, indicating that the Estate has no known assets and was opened solely for litigation purposes. *Id.* Watkins filed a motion to substitute Hansford's Estate for defendant Brandon Hansford under Federal Rule of Civil Procedure 25. ECF No. 14. He then filed an alternative motion to join Hansford's Estate as a defendant under Federal Rule of Civil Procedure 20. ECF No. 17.

Judge Whalin first considered Watkins' motion for substitution. Federal Rule of Civil Procedure 25 states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Judge Whalin concluded that this Rule is not applicable here because "Hansford was not a proper party to the action, having died six months before Watkins filed the complaint in Jefferson Circuit Court." R. & R. 3, ECF No. 33. AutoZone does not object to this conclusion or the recommendation that this motion be denied. Therefore, both the conclusion and recommendation will be adopted by this court.

Judge Whalin then considered Watkins' motion for joinder. Federal Rule of Civil Procedure 20 states that persons may be joined as defendants in an action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," 28 U.S.C. §1447(e) gives the district court the discretion to either "deny joinder, or permit joinder and remand the action to the State court."

Judge Whalin concluded that joinder of Hansford's Estate is permissible under Rule 20 because Watkins asserts a "right to relief against Hansford's Estate and AutoZone aris[ing] from the same occurrence—the motor vehicle accident on February 20, 2016." R. & R. 4, ECF No. 33. Furthermore, "common questions of fact exist between AutoZone and Hansford (by way of his estate)" because "both parties agree that Hansford was an employee operating within the scope of his employment with AutoZone at the time of the collision." *Id.*

Judge Whalin further concluded that joinder of Hansford's Estate should be permitted under 28 U.S.C. § 1447(e). In determining this, he relied on the factors from *Hensgens v. Deere*

& Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), which are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if the amendment is not allowed; and (4) any other equitable factors."[1] Courts have consistently held that the first factor is of "paramount importance." *Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n*, No. 08-475-C, 2009 WL 700056 (W.D. Ky. Mar. 13, 2009); *See also City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807 (N.D. Ohio Aug. 8, 2008). Judge Whalin found that the first and second factors weighed in favor of permitting joinder, whereas the third and fourth factors weighed against it. R. & R. 7-9, ECF No. 33. Based on these conclusions, he recommended the "motion for joinder be granted." *Id.* at 10.

AutoZone objects to Judge Whalin's analysis on three of the four *Hensgens* factors, asserting that Watkins' motion for joinder should be denied. AutoZone argues that the sole purpose behind Watkins' motion is to destroy diversity jurisdiction, that Watkins was dilatory in amending, and that equitable considerations favor denying the motion. These objections will be addressed in turn.

IV.     Whether Purpose of Joinder is to Defeat Federal Jurisdiction

AutoZone disagrees with Judge Whalin's conclusion that the first *Hensgens* factor— whether the purpose of the amendment is to defeat federal jurisdiction—weighs in favor of joinder. ECF No. 34. AutoZone contends that "complete relief is available without the Estate as a defendant" because AutoZone is vicariously liable for Hansford's conduct, as "Hansford was acting within the course and scope of his employment with AutoZone LLC at the time of the

---

[1] The *Hensgens* factors have been used by the Sixth Circuit and the district courts within it when assessing motions for joinder of non-diverse parties. *See Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 Fed. Appx. 218 (6th Cir. 2016); *Bridgepointe Condos, Inc. v. Integra Bank Nat'l Ass'n,* No. 08-475-C, 2009 WL 70056, (W.D. Ky. Mar. 13, 2009); *Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14-183-DCR, 2014 WL 4956282, (E.D. Ky. Oct. 2, 2014).

subject accident." *Id.* at 2-3. Further, Hansford's "Estate has no assets." *Id.* AutoZone asserts that in light of this it is clear that Watkins seeks joinder solely to destroy diversity. *Id.* Additionally, AutoZone argues that Judge Whalin should not have considered Watkins' failure to file a simultaneous motion for remand as evidence that the motion for joinder is genuine. *Id.* at 3. It finds this to be a "distinction without merit" because the court is required under 28 U.S.C. §1447(e) to remand the case if it permits joinder of a non-diverse defendant. *Id.*

It is not at all clear that Watkins' sole reason for joining Hansford's Estate is to destroy federal jurisdiction. Indeed, Hansford was the alleged tortfeasor in the motor vehicle accident that led to the present action. ECF No. 1-2, p. 10. Furthermore, he was a named defendant in the original complaint filed in Jefferson Circuit Court. *Id.* As Judge Whalin correctly notes, these facts distinguish this case from cases where a plaintiff attempts to destroy diversity jurisdiction by joining a defendant never contemplated in the initial complaint. *See Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14-183-DCR, 2014 WL 4956282 at *2 (E.D. Ky. Oct. 2, 2014) (stating that plaintiff's motion for joinder "would be more persuasive if [she] had not known of the existence of [the named parties] prior to filing [a] Complaint" omitting them.); *In re Norplant Contraceptive Products Liability Litigation*, 898 F. Supp. 429, 432 (E.D. Tex. Sept. 29, 1995) ("[B]y waiting until this case was removed to federal court, the [p]laintiffs appear . . . to have requested the amendment adding . . . a defendant primarily for the purpose of defeating federal jurisdiction."). Here, Watkins evinced an intent to sue both Hansford and AutoZone from the start of litigation. There is no evidence that Watkins knew of Hansford's death before he filed suit, and if he had, he could have named Hansford's Estate as a defendant in the initial complaint.

Judge Whalin is also correct to find that Watkins' failure to file a simultaneous motion to remand has some significance. 28 U.S.C. §1447(e) requires this court to remand the case if it permits joinder of a non-diverse defendant. Therefore, courts have found that a plaintiff who takes the extra step of filing a motion to remand along with his motion for joinder portrays his true desire to destroy diversity jurisdiction. The filing of such a motion is cited by courts as a primary reason to deny joinder pursuant to the first *Hensgens* factor. *See Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 Fed. Appx. 218, 221 (6th Cir. 2016) ("[Plaintiff's] joinder of a nondiverse defendant [and] its simultaneous motion to remand the case to state court . . . indicate that [plaintiff] filed the motion to amend with the intent to destroy federal jurisdiction."); *Barnett v. MV Transp., Inc.*, No. 3:14-cv-250-TBR, 2014 WL 1831151 at *3 (W.D. Ky. May 8, 2014) ("The fact that Plaintiff's Motion to Amend was filed contemporaneously with her Motion to Remand, the sole basis of which is lack of diversity, compels an inference that the purpose of amending her Complaint is to divest this Court of jurisdiction."); *Dockery v. GGNSC Louisville Hillcreek, LLC*, No. 3:16-cv-25-DJH, 2016 WL 5478009 at *3 (W.D. Ky. Sept. 27, 2016) ("When a plaintiff amends the complaint contemporaneously with filing a motion to remand and the sole basis of that motion is lack of diversity, this 'compels an inference that the purpose of amending [plaintiff's] Complaint is to divest this Court of jurisdiction.'"). Indeed, in every case AutoZone cited where the court denied joinder on the first *Hensgens* factor, the plaintiff seeking joinder filed a simultaneous motion to remand. Thus, Watkins' failure to file such a motion is clearly relevant.

Both because Hansford was named in his individual capacity in the initial complaint, and because Watkins has not filed a simultaneous motion to remand, the court agrees with Judge Whalin that the first *Hensgens* factor weighs in favor of joinder.
`6`

V.  Whether Plaintiff was Dilatory in Seeking Amendment

AutoZone also disagrees with Judge Whalin's conclusion that the second *Hensgens* factor—whether the plaintiff was dilatory in the amendment—weighs in favor of permitting joinder. ECF No. 34, p. 3. It suggests that Watkins should have been aware of Hansford's death before filing the complaint, as "Hansford died six months prior" and "[h]is death was widely covered by the local media." *Id.* It contends that even if Watkins was unaware of Hansford's death at the time he filed the complaint, he was put on notice before the case was removed by a notation on the Jefferson Circuit Court docket indicating that service of summons "was rejected due to Mr. Hansford's death." *Id.* AutoZone acknowledges that "[i]t is unclear whether [Watkins] failed to verify Mr. Hansford's status or simply did not get the Estate opened prior to filing suit," and as a result states that this factor is "at most neutral." *Id.*

AutoZone's objections to Judge Whalin's findings are unconvincing. While it is possible that Watkins saw news coverage on Hansford's death prior to filing the complaint, there is no evidence that this in fact occurred. Moreover, the Jefferson Circuit Court docket notice indicating rejection of service of summons due to Hansford's death is dated January 27, 2017, just six days before AutoZone removed the case to federal court. ECF No. 32, p. 2; ECF No. 1. Watkins retained counsel to open Hansford's Estate the day after the case was removed, and an Administrator was named by February 9, 2017. ECF No. 17, p. 6. Watkins then filed the motion to join Hansford's Estate as a defendant within a month. In light of this timeline, it simply cannot be said that Watkins was dilatory in filing the motion. The court agrees with Judge Whalin that the second *Hensgens* factor also weighs in favor of joinder.

VI.     Other Equitable Considerations

Finally, AutoZone disagrees with Judge Whalin's conclusion that the fourth *Hensgens* factor—other equitable considerations—"weighs [only] slightly against joinder." ECF No. 34, p. 3. AutoZone agrees with Judge Whalin's finding that it has an interest in litigating in a "neutral, federal forum." *Id.* However, it contends that Judge Whalin failed to recognize another equitable consideration: that "joinder of the Estate also creates an inherent conflict with regard to representation of the Estate" because Fernandez, who opened Hansford's Estate and serves as its Administrator, was hired by Watkins' attorney. *Id.* at 3-4. AutoZone states that "[t]his conflict weighs heavily against joinder . . ." *Id.* at 4.

Although this scenario at first appears problematic, in fact it presents no conflict. Although Watkins' attorney hired Fernandez to open a probate estate on behalf of Hansford and serve as its Administrator, there is no role for the Administrator in the instant litigation. Indeed, Fernandez is only responsible for "accept[ing] service on behalf of the Estate, notify[ing] the insurance company and request[ing] representation for the Estate in the underlying tort action." ECF No. 17, p. 8. As long as independent counsel is retained to represent Hansford's Estate in the present litigation, there will be no conflict.

The court agrees with Judge Whalin—that because out-of-state defendants have an interest in defending themselves in a neutral, federal forum—the fourth *Hensgens* factor weighs against permitting joinder. However, this does not outweigh the first two factors that favor permitting joinder.

VII.     Conclusion

For the foregoing reasons, the court will adopt the report and recommendation in full. The court will deny Watkins' motion to substitute and grant Watkins' motion to join the Estate

of Brandon Hansford in the instant case. Accordingly, this case will be remanded to Jefferson County, Kentucky, Circuit Court. An order will be entered in accordance with this memorandum.

**IT IS SO ORDERED.**

September 18, 2017

**Charles R. Simpson III, Senior Judge
United States District Court**